**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 20, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOHN VAN WU,

    Defendant - Appellant.

No. 19-1401
(D.C. No. 1:18-CR-00293-RBJ-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MATHESON**, and **PHILLIPS**, Circuit Judges.
_____

This matter is before the court on the government's motion to enforce the

appeal waiver in John Van Wu's plea agreement.

Dr. Wu was charged in a 51-count indictment with mail fraud, in violation of

18 U.S.C. § 1341; falsification of records, in violation of 18 U.S.C. § 1519; and

diversion of oxycodone, in violation of 21 U.S.C. § 841(a)(1). The district court

granted his motion for severance, and after a jury found him guilty of multiple mail

fraud and falsification counts, Dr. Wu pleaded guilty to one count of diversion of

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

oxycodone. The district court sentenced him to concurrent 51-month prison terms on each count and ordered him to pay about $95,000 in restitution.

As part of his plea agreement, Dr. Wu agreed to waive his right to appeal his conviction and sentence for both the tried and pled offenses unless (1) the court imposed a sentence above the statutory maximum; (2) the sentence exceeds the advisory guideline range applicable to a total offense level of 23 (or 21, if the "safety valve" provision in USSG § 5C1.1 applied); or (3) the government appealed the sentence imposed. Despite this broad appeal waiver, he filed a notice of appeal. His docketing statement indicates that he intends to challenge the district court's rulings on pre-trial motions, its evidentiary rulings during trial, the sufficiency of the evidence at trial, and the sentence and restitution order. The government filed a motion to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

In response to the government's motion, Dr. Wu's counsel cited *Anders v. California*, 386 U.S. 738, 744 (1967), and stated that Dr. Wu has no non-frivolous argument against enforcement of his appeal waiver. Counsel also requested permission to withdraw from representing Dr. Wu. *See id*. We gave Dr. Wu an opportunity to file a pro se response to the motion to enforce, but he has not done so.

In evaluating a motion to enforce, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at

2

1325. Having reviewed the proceedings in accordance with our obligation under *Anders*, *see* 386 U.S. at 744, we conclude that the *Hahn* factors have been met and that there is no non-frivolous argument to make against enforcing the appeal waiver.

As to the first *Hahn* factor, none of the exceptions to the appeal waiver apply, so Dr. Wu's appeal of his conviction and sentence fall within the scope of the waiver. Specifically, the statutory maximum sentence for each offense is twenty years. *See* 18 U.S.C. §§ 1341 (mail fraud) and 1519 (falsification); 21 U.S.C. § 841(b)(1)(C) (diversion of oxycodone). The district court determined that the offense level was 23 and that the applicable guidelines range was between 46 and 57 months, and it sentenced Dr. Wu to a mid-range sentence of 51 months. Dr. Wu's sentence thus does not exceed either the statutory maximum or the applicable guidelines range for an offense level of 23, and the government did not appeal the sentence. As for the second and third *Hahn* factors, the written plea agreement and the colloquy at the change of plea hearing confirm that Dr. Wu knowingly and voluntarily waived his appellate rights, and there is no basis for concluding that enforcing the waiver would result in a miscarriage of justice.

Accordingly, we grant the government's motion to enforce Dr. Wu's appeal waiver and dismiss this appeal. We also grant defense counsel's motion to withdraw.

Entered for the Court
Per Curiam

3